TEXAS & PACIFIC RAILWAY COMPANY ET AL. v. W. L. DEAN.

Decided April 22, 1909.

**1.—Killing Stock—Crossing Signals—Causal Connection.**

The appellate court can not, over a finding to the contrary on the trial, determine that the omission of statutory signals was not a cause of the train striking an animal running at large and killed at a railway crossing.

**2.—Injury to Stock—Defective Track.**

A railway company which employed one to construct a grade crossing at a point on its line not previously fenced, was not liable for injury to the horse of an employee of such contractor by catching its foot on a projecting spike at the point where the crossing was under construction, especially where the defect was open to observation.

Appeal from the County Court of Midland Couty. Tried below before Hon. Chas. Gibbs.

*Ed. W. Smith,* for appellant.

*Caldwell & Whitaker,* for appellee.

HODGES, ASSOCIATE JUSTICE.—In this case the appellee recovered a judgment against the appellant for the aggregate sum of $400.00 for the death of a mule and an injury to a horse. It is claimed that the mule was killed by being negligently struck and run over by one of the appellant's trains. The sufficiency of the evidence to support the finding of negligence is challenged by the different assignments of error. It is shown that the mule escaped from a lot and was upon a crossing where a road commonly used by the public crossed the appellant's track, and that the appellant's agents in charge of the train failed to blow the whistle or ring the bell in approaching the crossing, in the manner required by law. The court found that this failure caused the collision and resulted in the injury. We can not, as a matter of law, say that this finding is not correct. Houston & T. C. Ry. Co. v. Red Cross Stock Farm, 22 Texas Civ. App., 114, 53 S. W. 834; St. Louis S. W. Ry. Co. v. Kilman, 39 Texas Civ. App., 107, 86 S. W. 1050. Appellee sued for $250.00 as the value of the mule.

The injury to the horse occurred at a different time and place. It seems that appellee's father had been employed by the railway company

to make a grade crossing over its line at a point on its right of way which had previously been fenced. For what purpose this was to be made is not shown. It is shown that the crossing was to be constructed by filling on each side of the track with dirt, for which scrapers and teams were employed. The appellee's team was being used by his father in the performance of the work, and was at the time being driven by an employe hired by his father. When the first scraperful of dirt was being moved, and in driving the team across the track, one of the horses got his shoe hung on a spike standing about two inches above the flange of the rail. The spike had not been observed by any of the parties, and was not observable when standing on the ground on the north side of the rail, the direction from which the track was approached by this team on that occasion. There is nothing to indicate but what it might have been observed by even a casual inspection by one going upon or close to the track. The horse was injured in such a way that it is claimed he was rendered practically worthless; and appellee alleged his value to be the sum of $150.00.

We do not think the evidence showed any negligence on the part of the railway company to support a judgment for the last named amount. The parties employed were engaged to make the crossing safe and convenient for both man and beast who might have occasion to use it, and it could not be expected that the railway company would by some other agency do a part of that work in advance. Furthermore, this object which caused the injury was necessarily plainly discernible by any one who would undertake to make even a casual inspection of the place where the work was to be done.

The judgment of the County Court will be reformed, and judgment here rendered in favor of the appellee against the appellant for $250.00 only as the value of the animal killed at the crossing. The costs of this appeal will be adjudged against the appellee.

*Reformed and affirmed.*